UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

FERNANDO SIERRA,

     Plaintiff,

vs.

RHINO CONTAINERS, LLC,
A Florida Profit Corporation, and
WILFREDO TEJEDA, SR., individually,

     Defendant(s).

_____/

## COMPLAINT

Plaintiff FERNANDO SIERRA, (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendants RHINO CONTAINERS, LLC, a Florida profit Corporation (hereinafter "RHINO") and WILFREDO TEJEDA, SR., individually (hereinafter "TEJEDA") (collectively "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 , et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants as a full-time welder from on or about February 2021 until on or about December 17, 2021. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. RHINO is a Florida corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. RHINO has its principal place of business in Miami, Florida. RHINO had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. RHINO is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, RHINO is a company that manufactures, sells and installs containers for a variety of large commercial and industrial organizations in and outside of the United States.

9. Accordingly, at all times material to this Complaint, RHINO has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material

that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. RHINO upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant TEJEDA is a manager, and exercised operational control over the activities of, corporate Defendant, RHINO.

12. Defendant TEJEDA acted directly in the interest of his company, RHINO. Upon all available information, TEJEDA controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

13. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

16. Plaintiff began working for Defendants in February 2021 as a helper. His primary duties were performing manual labor.

17. During the course of his employment, Plaintiff worked between 30-70 hours per work week. Plaintiff earned $13/hour.

18. The Defendants established a weekly pay period, such that the employees were supposed to get paid every two weeks. However, starting in September 2021, the wages due on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late.

19. As a result,  there were times during his employment when Plaintiff was not paid at all or paid at a rate below the minimum applicable hourly rate as set forth under state and federal law for some of the hours worked from September 13, 2021- December 17, 2021.

20. Furthermore, throughout his employment, Plaintiff was not compensated at time and half of his regular rate for any of his hours over 40 in a work week.

21. A review of the pay stubs in which Plaintiff has in his current possession, custody, and control reflect that Plaintiff was issued a company check claiming to compensate him at his regular rate for all hours worked in a particular pay period.

22. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

23. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

24. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

25. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

26. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## <u>COUNT I</u>
## VIOLATION OF FLSA/MINIMUM WAGES against RHINO

27. Plaintiff re-alleges and reaffirms paragraphs 1 through 26 as fully set forth herein.

28. This action is brought by Plaintiff to recover from RHINO unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 206.

29. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

30. RHINO failed to compensate Plaintiff for some of the hours worked during his employment. RHINO has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

31. RHINO knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

32. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

33. By reason of the said intentional, willful and unlawful acts of RHINO, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

34. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

35. As a result, RHINO's willful violations of the Act, Plaintiff is entitled to liquidated damages.

36. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from RHINO.

WHEREFORE, Plaintiff respectfully prays for the following relief against RHINO:

    A. Adjudge and decree that RHINO has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME against RHINO

37. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

38. This action is brought by Plaintiff to recover from Defendant RHINO unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

39. Since the commencement of Plaintiff's employment RHINO has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours

worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

40. Specifically, throughout his employment Plaintiff worked over forty (40) hours during some of the workweeks in which he was employed.

41. RHINO is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). RHINO's business activities involve those to which the Fair Labor Standards Act applies.

42. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

43. RHINO has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

44. By reason of the said intentional, willful, and unlawful acts of RHINO, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

45. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

46. As a result of RHINO's willful violations of the Act, Plaintiff is entitled to liquidated damages.

47. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from RHINO.

WHEREFORE, Plaintiff respectfully prays for the following relief against RHINO:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
**VIOLATION OF FLSA/OVERTIME against TEJEDA**

48. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

49. At the times mentioned, Defendant TEJEDA was, and is now, a corporate officer of corporate Defendant, RHINO.

50. TEJEDA was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that TEJEDA acted directly in the interests of RHINO in relation to its employees including Plaintiff.

51. Specifically, TEJEDA supervised Plaintiff,  , and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

52. TEJEDA had operational control of the business and is thus jointly liable for Plaintiff's damages.

53. Defendant TEJEDA willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

54. By reason of the said intentional, willful and unlawful acts of TEJEDA, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

55. As a result of TEJEDA willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant TEJEDA:

    A. Adjudge and decree that TEJEDA has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT IV</u>
## VIOLATION OF FLSA/UNPAID WAGES against TEJEDA

56. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

57. At the times mentioned, Defendant TEJEDA was, and is now, a corporate officer of corporate Defendant RHINO.

58. TEJEDA was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that he acted directly in the interests of RHINO in relation to its employees including Plaintiff.

59. Specifically, TEJEDA supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

60. TEJEDA had operational control of the business and is thus jointly liable for Plaintiff's damages.

61. Defendant TEJEDA willfully and intentionally failed to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since September 2021 of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant TEJEDA:

A. Adjudge and decree that TEJEDA has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, FERNANDO SIERRA demands trial by jury on all issues and all counts of this

Complaint so triable as a matter of right.

Dated: June 7, 2022                     **PEREGONZA THE ATTORNEYS, PLLC**

                                              5201 Blue Lagoon Drive
                                              Suite 290
                                              Miami FL 33126
                                              Tel. (786) 650-0202
                                              Fax. (786) 650-0200

                                              By: /s/ *Nathaly Saavedra*
                                              Nathaly Saavedra, Esq.
                                              Fla. Bar No. 118315
                                              Email: nathaly@peregonza.com

                                              By: /s/ *Juan J. Perez*
                                              Juan J. Perez, Esq.
                                              Fla. Bar No. 115784
                                              Email: juan@peregonza.com