**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 22-21732-CIV-MORENO

FERNANDO SIERRA,

      Plaintiff,

v.

RHINO CONTAINERS, LLC,
A Florida Profit Corporation, and
WILFREDO TEJEDA, SR., individually,

      Defendants.

_____/

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE FROM INTRODUCTION AT TRIAL

      Plaintiff, FERNANDO SIERRA ("Plaintiff"), by and through the undersigned counsel and pursuant to the Federal Rules of Evidence 401, 402, and 403, hereby files his Motion in Limine and Memorandum of Law to Exclude Certain Evidence from Introduction at Trial in this matter, and in support thereof states the following:

**I.**    **Summary of Facts**

      This case involves Plaintiff's claims against Defendant, RHINO CONTAINERS, LLC ("Rhino"), and Defendant, WILFREDO TEJEDA, SR. ("Tejeda") (collectively, "Defendants"), for unpaid wages under the Fair Labor Standards Act ("FLSA"). Plaintiff claims that he worked for Defendants from on or about January 2021 until December 17, 2021, and that Defendants failed to compensate him for some of the hours he worked. Plaintiff further contends that he was not compensated at time and one-half for the overtime hours he worked.  Defendants contend, among other things, that Plaintiff was an independent contractor, and therefore, he is not covered by the FLSA. *See* ECF Nos. 6, 16 and 26.

In support of their position, Defendants have made much of the fact that Plaintiff formed his own company, FMS Eagle Corp., and was compensated through that company by the Defendants during the relevant time period. *See* ECF No. 26.  Plaintiff anticipates that Defendants will attempt to offer evidence regarding FMS Eagle Corp.'s subsequent work agreements as evidence that Plaintiff worked for Defendants as an independent contractor. Plaintiff further anticipates that Defendants will seek to introduce Plaintiff's payment, or non-payment, of federal income taxes, individually and/or through his company. With this Motion, Plaintiff seeks to exclude reference and/or introduction of:  a) Plaintiff's subsequent work agreements with other companies through FMS Eagle Corp;  b) any reference to Plaintiff's payment or non-payment of federal income taxes and reporting of said taxes by Plaintiff, individually or through his company, FMS Eagle Corp; and c) any reference to Plaintiff's immigration status.

## **MEMORANDUM OF LAW**

### II.    **Legal Standard**

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (*citing Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). The Federal Rules of Evidence define "relevant evidence" as:

> [e]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Evidence which is not relevant to any issue or claim in an action lacks probative value and, thus, is inadmissible. Specifically, Rule 402 provides that:

> [a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by

other rules adopted by the Supreme Court pursuant to statutory authority.
Evidence which is not relevant is not admissible.

Fed. R. Evid. 402. For testimony to be relevant, it must help establish a fact of consequence related to the party's claim. *See* Fed. R. Evid. 401, Advisory Committee Notes (1996). When testimony fails to establish a material fact of the party's allegation or claim, the testimony is irrelevant and inadmissible. To determine what constitutes relevant evidence, a court must look to the parties' pleadings and to the factual disputes that the parties must litigate at trial. *See Prophet v. Great Vill. Resorts, Ltd.*, 10-CV-60152-UU, 2012 WL 13001518, at *4 (S.D. Fla. Nov. 14, 2012) (*citing G.I.C. Corp. v. United States*, 121 F.3d 1447, 1450 (11th Cir. 1997). When evidence is not relevant to the pleadings and factual disputes and is otherwise of no consequence to the determination of the action, the court should exclude it. *See Id.*; *see also* Fed. R. Evid. 401. However, even if evidence is relevant, a court may still exclude it if it finds that the "probative value" of the evidence "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403. Analyzing evidence under Fed. R. Evid. 403 "involves balancing, on the one side, the evidence's probative value and, on the other side, the evidence's dangers, including its unfairly prejudicial and misleading nature." *See US Steel, LLC, v. Tieco, Inc.*, 261 F. 3d 1275, 1287 (11th Cir. 2001).

III.   **Argument**

   A.   **Plaintiff's subsequent working arrangements after his separation from Defendants are irrelevant to this litigation, and the harm of introducing this evidence far outweighs any probative value.**

To the extent Defendants would seek to introduce or elicit any evidence related to Plaintiff's subsequent work after his separation from Defendants, such evidence should be barred under Fed. R. Evid. 401 and 403. Those subsequent work arrangements bear no relevance to the

multi-factorial test that the jury will apply in evaluating Plaintiff's employment status during his tenure at Rhino Containers, LLC, because that test focuses exclusively on the detail and nature of the particular work relationship in dispute. *See Helm v. J.H. Gatewood Emergency Services, P.A.*, 8:11-CV-572- EAK-AEP, 2012 WL 2793134, at *3 (M.D. Fla. July 9, 2012) (setting forth twelve factors for distinguishing between employees and independent contractors, including, inter alia, "[t]he extent of the employer's right to control the 'means and manner" of the worker's performance") (*citing Cobb v. Sun Papers, Inc*., 673 F.2d 337, 340 (11th Cir. 1982)).

In the instant case, the Court should exclude any evidence regarding Plaintiff's status as an independent contractor with other companies because that evidence is irrelevant to a determination on the "economic realities" of Plaintiff's work relationship with the Defendants. In addition to having no bearing or relation, it also cannot and will not make the existence of any fact as to the Defendants' exercise of control over Plaintiff any more or less probable. *See Helm v. J.H. Gatewood Emergency Services, P.A*., 8:11-CV-572-EAK-AEP, 2012 WL 2793134, at *3; *see also Zamboni v. R.J. Reynolds Tobacco Co*., 2015 WL 221150 *1. Plaintiff's concern is that Defendants will use Plaintiff's subsequent work at other companies to characterize Plaintiff's work with Defendants exclusively as an independent contractor. Defendants will try to show that because Plaintiff was subsequently an independent contractor at other companies, Plaintiff was an independent contractor for Defendants, which is extremely prejudicial and will mislead the jury. Plaintiff contends that if Defendants were permitted to introduce this evidence, Plaintiff would suffer considerable prejudice, as he would have to litigate the twelve-factor "economic realities" test not only to define his work relationship with the Defendants, but also define each of his work relationships with other employers—only to prove that these work relationships lacked the probative value that the Defendants improperly and incorrectly suggest they do. *See Cont'l Ins.*

*Co. v. Roberts*, 8:05-CV-1658-T-17TBM, 2008 WL 11336252, at *3; *In Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 279–81 (S.D.N.Y. 2015) (where in the face of a strong argument as to the evidentiary value of these other contracts as to the question of whether the plaintiff dancers were, in fact, employees, the court prohibited the admission of the other employment contracts because they were not the actual agreements at issue in the lawsuit and involved other employment relationships decidedly outside its ambit).

Plaintiff maintains that any evidence of subsequent agreements will mislead the jury as to the weight that they are to place on these unrelated working arrangements should the jury be charged with evaluating Plaintiff's independent contractor status. *See Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1492 (11thCir. 1993) ("[w]hile the characterization of the hired party as an independent contractor or employee may be probative of the parties' intent, 'all of the incidents of the relationship must be assessed and weighed with no one factor being decisive'") (citation omitted).

Allowing Defendants to elicit testimony about or otherwise make specific references to Plaintiff's status as an independent contractor in positions that he held after his position with Defendants will unfairly deflect the jury's attention away from the fact-intensive questions it must resolve about Plaintiff's work relationship with *Defendants*, and it will also prejudice Plaintiff by forcing him to litigate not only to the character of his work relationship with the Defendants, but also the character of the other work relationships that Plaintiff has had thereafter. The Court should exclude this evidence and avoid forcing Plaintiff to conduct a trial within the trial about the nature of his pre- and post-termination jobs, and grant Plaintiff's motion in limine accordingly. *See Cont'l Ins. Co. v. Roberts*, 8:05-CV-1658-T-17TBM, 2008 WL 11336252, at *3 (M.D. Fla. Dec. 29, 2008) (granting a motion in limine because the court would otherwise have to admit "considerable

and collateral evidence" and doing so would result "in a trial within a trial on matters wholly

unrelated to the true issues before the jury").

**B.   Reference to Plaintiff's taxes should be excluded under Rule 403 of the Federal Rules of Evidence, as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.**

Plaintiff moves to preclude any and all references at trial to Plaintiff's payments of taxes

and reporting in his individual capacity or through FMS Eagle Corp.  Said line of questioning is

irrelevant to Plaintiff's right to seek redress in an FLSA case. *See Barrera v. Weiss & Woolrich*

*Southern Enterprises, Inc.*, 2010 WL9039790 (S.D. FL. Jan. 26, 2010). Federal Rule of Evidence

608(b) prohibits the use of extrinsic evidence to "prove specific instances of a witness's conduct

in order to attack or support the witness's character for truthfulness." A court, however, "may, on

cross-examination, allow them to be inquired into if they are probative of the [witness's] character

for truthfulness or untruthfulness." *Id*.  Plaintiff requests that Defendants not be able to question

Plaintiff at all regarding his taxes or his reporting of the wages earned with the Defendants by FMS

Eagle Corp., as such would be prejudicial before the jury, cause unnecessary confusion, and would

not otherwise be relevant. As stated by this District previously:

> ... the undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors: and it will likely give rise to collateral disputes -- including the extent of Plaintiffs' reporting obligations regarding such taxes -- that will cause undue delay and confusion of the issues.

*Ortiz v. Santuli Corp.*, 2009 U.S. Dist. LEXIS 7273 l (S.D. Fla. Aug. 3. 2009).

Plaintiff further contends that evidence or testimony related to his taxes or reporting may be

another avenue or backdoor attempt to bring up Plaintiff's immigration status, which is irrelevant

to a claim for overtime wages under the FLSA and otherwise, highly prejudicial. *See Martinez*

*et.al. v. Mecca Farms, Inc. et.al.*, 213 FRD 601 (S.D. Fla. 2002); *see also Patel v. Quality Inn*

*South*, 846 F.2d 700 (11th Cir. 1988). While Defendants do not oppose the preclusion of Plaintiff's immigration status, Defendants oppose the preclusion of testimony and evidence related to Plaintiff's taxes or reporting. Because Plaintiff was instructed by Defendants to open FMS Eagle Corp. due to his immigration status and the close association between Plaintiff's taxes and his immigration status, the evidence must be excluded under Rule 403. As previously recognized by the Honorable Magistrate Judge Edwin G. Torres:

> [allowing evidence or testimony of Plaintiff's immigration status] "would surely chill the vindication of rights under the FLSA," and undermine the efforts that Congress chose to afford to undocumented workers. Ponce v. Tim's Time, Inc., 2006 WL 941963, at *1 (N.D. Ill. Mar. 16, 2006). This chilling effect could "effectively eliminate the FLSA as a means for protecting undocumented workers from exploitation and retaliation." Uto v. Job Site Servs. Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (citation omitted); see also Ponce v. Tim's Time, Inc., 2006 WL 941963, at *1 (N.D. Ill. Mar. 16, 2006) ("[G]iven the nature of the evidence, and given that the immigration issue in the employment context has turned out to be such a hot button issue of late ... the Court finds that the danger of unfair prejudice—not just prejudice, but unfair prejudice—is indeed high.").

*Chavez v. Arancedo*, No. 17-20003-CIV, 2018 WL 4627302, at *5 (S.D. Fla. Sept. 26, 2018).

Furthermore, Judge Altonaga of the Southern District has held that a plaintiff's failure to pay income tax, his/her failure to pay income tax, and his/her illegal status, even when combined, is not a relevant factor that defendants could use to establish an *in pari delicto* defense. Judge Altonaga further held that illegal status is not a bar to a suit under the FLSA, nor is failure to pay taxes. Judge Altonaga notes that the holding in *Patel*, 846 F.3d 700 (1998), is binding in the Eleventh Circuit and holds that illegal immigrants may sue an employer under the FLSA. *See Solano v. A Navas Party Production, Inc., et al.*, 728 F.Supp.2d 1334 (S.D. Fla. 2010); *Barrera*, 2010 WL9039790 (S.D. Fla. Jan. 26, 2010).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order (1) excluding all evidence related to Plaintiff's subsequent work relationships; (2) excluding all evidence related

to Plaintiff's immigration status; and (3) excluding all evidence related to Plaintiff's taxes and reporting of said taxes.

## Conferral Certification

On December 12, 2022, the undersigned contacted counsel for Defendants via electronic mail and on via phone on December 14, 2022, who indicated that Defendants agree to the exclusion of Plaintiff's immigration status but are opposed to the remainder of the relief requested herein.

Dated: <u>December 15, 2022</u>.          Respectfully submitted,

/s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on <u>December 15, 2022</u>, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>*/s/ Nathaly Saavedra*</u>
Nathaly Saavedra, Esq.

**SERVICE LIST**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 22-21732-CIV-MORENO

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

*Counsel for Plaintiff*


Kenneth L. Minerley, Esq.
Fla. Bar No. 521840
Meghan E. Miller
Fla. Bar No. 1003898
E-Mail: ken@minerleyfein.com
 Meghan@minerleyfein.com
MINERLEY FEIN, P.A.
1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432
Telephone: (813) 223-1099
Facsimile: (813) 223-1055

*Counsel for Defendants*


Method of Service: CM/ECF Notice.