UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-21732-CIV-MORENO/GOODMAN

FERNANDO SIERRA,

    Plaintiff,

v.

RHINO CONTAINERS LLC and
WILFRED TEJEDA, SR.,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE*

In this Fair Labor Standards Act case, Plaintiff Fernando Sierra filed a motion *in limine*, seeking to exclude two categories of evidence. [ECF No. 34]. Defendants Rhino Containers LLC ("Rhino") and Wilfred Tejeda, Sr. did not file a response and the time to do so has passed. Senior United States District Court Judge Federico A. Moreno referred to the Undersigned all pretrial matters for a report and recommendation on dispositive motions and for an Order on non-dispositive motions. [ECF No. 50]. For the reasons discussed below, the Undersigned **grants** Plaintiff's motion.

Plaintiff asks that the Court preclude Defendants from (1) introducing any evidence or testimony concerning Plaintiff's work activities following his separation from Defendants; and (2) introducing any evidence or testimony concerning Plaintiff's taxes. [ECF No. 34].

Defendants' failure to respond is alone sufficient grounds to grant Plaintiff's motion. S.D. Fla. Local Rule 7.1(c)(1) ("For all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *see also Azaria v. Garland*, No. 22-20425-CIV, 2022 WL 3586425, at *1 (S.D. Fla. May 3, 2022) (granting by default the defendants' motion to dismiss based on the plaintiff's failure to file a response); *Castellanos v. Portfolio Recovery Assocs., LLC*, No. 1:17-CV-20593-UU, 2017 WL 7796303, at *1 (S.D. Fla. Oct. 31, 2017) (granting by default the plaintiff's motion *in limine* based on the defendant's failure to file a response).

Even though the Undersigned could grant Plaintiff's motion based only on Defendants' failure to file a response, I also find the merits of Plaintiff's motion persuasive.

First, Plaintiff argues that the court "should exclude any evidence regarding Plaintiff's status as an independent contractor with other companies [subsequent to his separation from Defendants] because that evidence is irrelevant to a determination on the 'economic realities' of Plaintiff's work relationship with the Defendants." [ECF No. 34]. Whether Plaintiff was later employed by only one or by multiple companies as an independent contractor or an employee is of no import to the nature of the specific relationship between Plaintiff and Defendants. Moreover, the admission of such evidence

would likely result in a trial within a trial to establish whether Plaintiff in these other, later jobs qualifies as an independent contractor or as an employee.[1] Therefore, the Undersigned **grants** this request.

Next, Plaintiff seeks to exclude any reference to Plaintiff's or Plaintiff's company, FMS Eagle Corporation's, payment of taxes. As support, Plaintiff cites to *Ortiz v. Santuli Corp.*, No. 08-20218-CIV, 2009 WL 2382144, at *1 (S.D. Fla. Aug. 3, 2009), which states:

> Fourth, [the] [p]laintiffs contend that the jury should not be permitted to hear evidence that [the] [p]laintiffs failed to pay income taxes on the wages they received. [The] [d]efendants respond that [the] [p]laintiffs' failure to pay income taxes is relevant because (1) it tends to show that they lack credibility as witnesses; and (2) it is a means of challenging [the] [p]laintiffs' estimates of the wages they received. The undersigned agrees that [the] [d]efendants should be permitted to cross-examine [the] [p]laintiffs by asking whether they kept records of their income (notwithstanding the fact that the FLSA places the burden on the employer, not the employee, to maintain such records). However, given the facts of this case as a whole, the undersigned concludes that [the] [d]efendants shall be precluded from suggesting that [the] [p]laintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors; and, it will likely give rise to collateral disputes—including the extent of [the [p]laintiffs' reporting obligations regarding such taxes—that will cause undue delay and confusion of the issues. Thus, [the] [p]laintiffs' motion *in limine* to preclude [the] [d]efendants from introducing evidence that [the] [p]laintiffs failed to pay income taxes is GRANTED.

Plaintiff argues that this evidence will only seek to prejudice the jury against him and potentially reveal his immigration status. The same concerns identified in the *Ortiz*

---

[1] By failing to respond, Defendants have failed to offer to the Undersigned any reason why the evidence might be relevant to the issues in the case. Moreover, Defendants did not rely on this evidence in their response to Plaintiff's summary judgment motion [ECF No. 49].

decision also exist in the instant case. Accordingly, the Undersigned **grants** this request.

In summary, because Defendants failed to respond to Plaintiff's motion and because Plaintiff's arguments in support of his motion are well-taken, the Undersigned **grants** in whole Plaintiff's motion *in limine*.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 10, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record